UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMILY TOOKE | CIVIL ACTION |
| VERSUS | NO. 23-428 |
| JUDGE LAURIE A. WHITE, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant the Orleans Parish Criminal District Court ("OPCDC").[1] Plaintiff Emily Tooke responds in opposition,[2] and OPCDC replies in further support of its motion.[3] Also before the Court is a Rule 12(b)(6) motion to dismiss filed by defendant Judge Laurie A. White (now retired),[4] to which Tooke responds in opposition,[5] and White replies in further support of her motion.[6] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting both motions.

**I.   BACKGROUND**

This case involves claims of sexual harassment, gender discrimination, and retaliation. Tooke was employed by OPCDC from January 2020 to March 29, 2022, mostly as White's secretary.[7] Tooke alleges that she attended a Christmas party at White's home on December 4,

---

[1] R. Doc. 20.
[2] R. Doc. 26.
[3] R. Doc. 31.
[4] R. Doc. 32.
[5] R. Doc. 37.
[6] R. Doc. 40.
[7] R. Doc. 1 at 1-2. The facts in this Background section are culled from the allegations in Tooke's complaint, which, on these Rule 12 motions, must be accepted as true, even though they may not later be established at any trial.

2021, where White gave Tooke a suggestive gift and asked Tooke to spend the night with White and her husband.[8] On December 9, 2021, Tooke filed a complaint with OPCDC's human resources department, which instructed Tooke to return to work for White.[9]  Thereafter, according to Tooke, White sent Tooke a text message requiring Tooke, beginning December 13, 2021, to work in the office Monday through Friday from 9:00 a.m. to 3:00 p.m., whereas the other employees in White's section were required to be in the office only on docket days.[10]  White and her staff (including Tooke) were off from December 9, 2021, to January 5, 2022.[11]

When Tooke returned to work, Rob Kazik, OPCDC's judicial administrator, told her to resume working for White.[12]  Tooke informed the human resources department that she was uncomfortable continuing to work for White.[13]  On January 5, 2022, White held a staff meeting at which Tooke alleges she was singled out, embarrassed, and belittled.[14]  According to Tooke, she had been told by human resources to record her interactions with White and, so, "audio recorded" White's comments to her at the staff meeting.[15]  After the meeting, Tooke again complained to human resources.[16]  The next day, Tooke had another uncomfortable interaction with White, which she also recorded.[17]

On January 10, 2022, Tooke reported to human resources for a meeting at which she was informed that she would be transferred to work in the judicial administrator's office.[18]  Shortly

---

[8] *Id.* at 2-4.
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 4-5.
[13] *Id.* at 4.
[14] *Id.* at 5.
[15] *Id.* at 5-6.
[16] *Id.* at 6.
[17] *Id.*
[18] *Id.* at 6-7.

thereafter, Kazik told Tooke to stay home for her safety.[19] Tooke began working in the judicial administrator's office on February 22, 2022, during the pendency of the investigation into her complaints.[20] However, on March 29, 2022, supposedly because of budget constraints, Tooke was transferred back to White's section of court and immediately fired by White for recording the January 6, 2022 conversation.[21]

After filing a claim with the Equal Employment Opportunity Commission and receiving a right-to-sue letter, Tooke filed this action against OPCDC and White asserting claims of gender discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Louisiana state law, including La. R.S. 23:301, *et seq.*, and La. R.S. 51:2256.[22] She also brings claims under the Louisiana whistleblower statute, La. R.S. 23:967, and for intentional infliction of emotional distress.[23] Finally, Tooke asserts claims under 42 U.S.C. § 1983 and Louisiana state law for the alleged sexual harassment and gender discrimination.[24] On June 29, 2023, after OPCDC filed its motion to dismiss, Tooke filed an amended complaint adding allegations that OPCDC is not an arm of the state that would be entitled to sovereign immunity under the Eleventh Amendment.[25]

---

[19] *Id.* at 7.
[20] *Id.*
[21] *Id.*
[22] *Id.* at 8.
[23] *Id.* at 8-11.
[24] *Id.* at 11-12. In the prayer to her complaint, Tooke makes fleeting references to other federal and state statutes, but because she makes no allegations of fact in relation to them, these threadbare citations are insufficient to state any claims in regard to such laws. *See, e.g., Abarquez v. Onewest Bank, FSB*, 2011 WL 1459458, at *4 (W.D. Wash. Apr. 15, 2011) ("[P]laintiffs' threadbare reference to the statute, unaccompanied by any factual allegations demonstrating the statute's applicability …, does not state a claim upon which relief can be granted.").
[25] R. Doc. 27. Although an amended complaint usually renders moot a pending motion to dismiss the original complaint, "courts first consider whether the amended complaint cures defects in the original pleading before deciding whether the pending motion to dismiss is moot." *Stevens v. St. Tammany Par. Gov't*, 2020 WL 4219638, at *4 (E.D. La. July 23, 2020), *aff'd*, 17 F.4th 563 (5th Cir. 2021). Here, Tooke's amended complaint did not even address, much less cure, OPCDC's claimed lack of capacity to be sued.

## II.     PENDING MOTIONS

OPCDC seeks dismissal of Tooke's claims against it, arguing that it is not a juridical entity capable of being sued.[26] Alternatively, OPCDC argues that Tooke's § 1983 and state-law claims against it are barred by sovereign immunity.[27] Further, and also in the alternative, OPCDC argues that Tooke fails to state a claim against it under Title VII because the personal staff exception applies and Tooke has not alleged sufficient facts to support her sex discrimination and sexual harassment claims.[28] In opposition, Tooke argues that OPCDC is not an arm of the state and thus not entitled to sovereign immunity.[29] OPCDC, in its reply, points out that Tooke's opposition does not address any of OPCDC's other arguments, including that it is not a juridical entity capable of being sued.[30]

White also moves to dismiss Tooke's claims against her, arguing that, as an individual, she is not an employer and cannot be held liable under Title VII or Louisiana's corresponding employment discrimination statutes.[31] White also argues that Tooke's intentional infliction of emotional distress claim has prescribed.[32] Finally, White contends that Tooke has not stated a § 1983 claim because she has not alleged a constitutional violation.[33] In opposition, Tooke argues that White, as an agent of OPCDC, can be held liable under Title VII and the corresponding state laws.[34] Tooke further argues that her intentional infliction of emotional distress claim against

---

[26] R. Doc. 20-1 at 6-7.
[27] *Id.* at 7-9.
[28] *Id.* at 9-14.
[29] R. Doc. 26 at 2-3, 7-13.
[30] R. Doc. 31 at 1-3.
[31] R. Doc. 32-1 at 5-8.
[32] *Id.* at 8-10.
[33] *Id.* at 10-11. White notes that Tooke's complaint references 42 U.S.C. § 1981 but contains no claim of racial discrimination. *Id.* at 11. The Court agrees. Section 1981 "is designed to include a federal remedy against discrimination in employment on the basis of race." *Adams v. McDougal,* 695 F.2d 104, 108 (5th Cir.1983). But Tooke makes no actual allegations of racial discrimination. *See* R. Docs. 1; 27. Accordingly, the Court finds that no such claim has been asserted.
[34] R. Doc. 37 at 4-7.

4

White is not prescribed by operation of the continuing tort doctrine.[35]  In reply, White contends that there is no agent liability under Title VII and that Tooke cites no legal authority to support such a proposition.[36]  White reiterates that she is not Tooke's employer under the Louisiana employment discrimination statutes.[37]  White further argues that the continuing tort doctrine does not apply to Tooke's claim for intentional infliction of emotional distress.[38]  Finally, White points out that Tooke does not address her arguments concerning the § 1981 and § 1983 claims.[39]

### III.   LAW & ANALYSIS

#### A.  Standard of Review

##### 1.  Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction.  "[A] claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quotation omitted).  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.*  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of

---

[35] *Id.* at 7-8.
[36] R. Doc. 40 at 1-3.
[37] *Id.* at 3-4.
[38] *Id.* at 4-6.
[39] *Id.* at 6.

facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018).

2. **Rule 12(b)(6) Standard**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th

7

Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Analysis**

    **1. Tooke's Claims Against OPCDC**

All of Tooke's claims against OPCDC must be dismissed because OPCDC is not a juridical entity that is capable of being sued under Louisiana law. In *McLin v. Twenty-First Judicial District*, --- F.4th ---, 2023 WL 5274403, at *2-3 (5th Cir. Aug. 16, 2023), the Fifth Circuit, addressing whether another Louisiana state court had the capacity to be sued, explained:

> Under Federal Rule of Civil Procedure 17(b), Louisiana state law governs the capacity of a state district court to be sued.[13] By its metric, capacity belongs to a juridical person. The term is defined as "an entity to which the law attributes personality, such as a corporation or a partnership."[14] The Louisiana Supreme Court set forth a framework for determining an entity's juridical status in *Roberts v. Sewerage and Water Bd. of New Orleans*.[15] The *Roberts* court held that:
>
>> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[16]
>
> Where there is no constitutional or statutory authority for an entity to sue or be sued, it lacks capacity under *Roberts*.[17] The Louisiana Constitution organizes Louisiana's government into three separate branches, legislative, executive, and judicial.[18] Louisiana's district courts are created by the Louisiana Constitution as

8

component parts of a unified state system. Under that system, the Twenty-First Judicial District is not a separate entity. It is a part of the greater body of the Judicial Branch of Louisiana's state government.[19]

13   *See* Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined … by the law of the state where the court is located[.]").

14   La. Civ. Code Ann. art. 24.

15   634 So. 2d 341 (La. 1994).

16   *Id.* at 346-47.

17   *Id.*

18   *See* La. Const. art. II.

19   *See Roberts*, 634 So. 2d at 346-47.

The same holds true for OPCDC. It, like the Twenty-First Judicial District, is part of the judicial branch of Louisiana's state government and lacks juridical personality under Louisiana law. *See Green v. Dist. Att'y Office*, 2009 WL 621132, at *4 (E.D. La. Mar. 10, 2009) (approving magistrate judge's report and recommendation finding that OPCDC does not have the procedural capacity to sue or be sued and so is not a juridical person or proper defendant). Accordingly, Tooke's claims against OPCDC are dismissed with prejudice.

    **2. Tooke's Claims Against White**

        **a. Title VII**

Tooke's Title VII claim against White must be dismissed because White was not Tooke's "employer" as defined by the statute, nor does Title VII provide for individual liability as an agent. Title VII prohibits employers from intentionally discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment based on the individual's gender or other protected status. 42 U.S.C. § 2000e-2(a)(1); *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). For an individual to be liable under Title VII, he or she must meet Title VII's definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.1994). Under Title

9

VII an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).  The Fifth Circuit has held that "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee."  *Foley v. Univ. of Hous. Sys.,* 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing *Grant,* 21 F.3d at 651-53); *see Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.").  These same legal principles have been applied very recently to dismiss Title VII claims asserted against another OPCDC judge in his individual or non-judicial capacity as the agent of OPCDC and as employment supervisor.  *See Massey v. Willard*, 2023 WL 5034343, at *2-4 (E.D. La. Aug. 8, 2023).  Accordingly, because White was not Tooke's employer and Title VII does not provide for liability against an individual, Tooke's Title VII claims against White must be dismissed with prejudice.

    b. **Section 1983**

Tooke's purported § 1983 claim against White must be dismissed because she fails to allege a constitutional violation.  Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States.  42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The statute is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.  *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999).  To pursue a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was

10

committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

In her complaint, Tooke asserts employment discrimination claims arising under Title VII and state law, along with other state-law claims.[40] Count four purports to state a claim under § 1983, but it reiterates the sexual harassment and gender discrimination claims without referencing a constitutional violation.[41] Because Title VII provides an exclusive remedy for violations of its own terms, the rights it secures cannot be enforced under § 1983. *Plustache v. Harrison*, 2023 WL 3197043, at *2 (5th Cir. May 2, 2023). Thus, Tooke has not stated a § 1983 claim against White, and any such claim must be dismissed with prejudice.

    **c. Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if, as here, it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In making this decision, courts consider "the common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016)). "These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). "Applying those factors, [the Fifth Circuit holds] that a court generally 'should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Manyweather*, 40 F.4th at 246 (quoting *Heggemeier*, 826 F.3d at 872). As this case is in its early stages, these factors favor applying this

---

[40] R. Doc. 1 at 8-11.
[41] *Id.* at 11-12.

11

general rule here. Thus, the Court declines to exercise supplemental jurisdiction over Tooke's state-law claims against White, and those claims are dismissed without prejudice.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that OPCDC's motion to dismiss (R. Doc. 20) is GRANTED, and all of Tooke's claims against it are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that White's motion to dismiss (R. Doc. 32) is GRANTED, and Tooke's Title VII and § 1983 claims against White are DISMISSED WITH PREJUDICE, and Tooke's state-law claims against White are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 22nd day of September, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE